316 A:2d 497.

ROBERT S. VINAL *vs.* EUGENE P. PETIT, JR., *Registrar.*

MARCH 14, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a petition for certiorari wherein the petitioner asks us to review a Superior Court judgment sustaining an order of the registrar of motor vehicles which affirmed the suspension of the petitioner's license to operate a motor vehicle.

The records certified disclose that on April 14, 1972, petitioner was arrested for operating a motor vehicle on a public highway of this state while under the influence of intoxicating liquor. He was then informed of his right to be examined by a physician of his own choice in accordance with G. L. 1956 (1968 Reenactment) §31-27-3, asked if he would submit to a breathalyzer test, and advised that a refusal to take that test would result in the suspension of his operator's license. Notwithstanding that advice, petitioner refused to submit to the test and, upon being advised of that refusal, the registrar, in compliance with §31-27-2.1, notified petitioner that his license to operate was suspended. The petitioner thereupon requested

a hearing which was held on May 26, 1972 before a hearing board consisting of the deputy registrar, the chief of the safety responsibility division, and the chief hearing officer. Following that hearing the registrar affirmed his earlier suspension order and so advised petitioner, who then appealed to the Superior Court. It affirmed, whereupon petitioner applied for certiorari under the Administrative Procedures Act, G. L. 1956 (1969 Reenactment) ch. 35 of title 42, and we ordered the writ to issue. *Vinal* v. *Petit,* 111 R. I. 908, 300 A.2d 278 (1973). When the case was reached on our calendar, the parties waived oral argument and submitted on briefs.

At the outset petitioner contends that an operator's license may not be suspended under §31-27-2.1 unless the record contains evidence that the state department of health has certified to the competency of the person who would have conducted the breathalyzer examination had the operator agreed to submit to that test.

That contention is clearly without merit, in that *DiSalvo* v. *Williamson,* 106 R. I. 303, 305, 259 A.2d 671, 672 (1969), made it abundantly clear that a motorist who is apprehended for driving under the influence of liquor and who refuses to take a breathalyzer test will have his license to operate suspended provided a police officer has informed him of his right to be examined by a physician of his own choice; asked him to submit to the requisite sobriety test; and advised him that, should he refuse to take the test, his license will be suspended. The statute requires no more of a police officer. Here petitioner, although advised of those rights, refused to submit to the test, and that refusal called for a suspension of his license to operate.

The petitioner's second and final contention, as we understand it, is that the registrar merely affirmed the prior suspension without having either heard the testimony at the hearing or read a transcript thereof. That affirm-

ance is worthless, petitioner argues, because the weight which the law affords to the registrar's findings and conclusions presupposes that he gave due and proper consideration to the evidence upon which they rested.

The entire and only argument presented by petitioner in support of that position is: "An official who decides issues upon an administrative hearing must be one who has considered the evidence. *Morgan* v. *United States,* 298 U. S. 468, 477." The petitioner apparently relies on that portion of the case he cites which says: "The one who decides must hear." *Morgan* v. *United States,* 298 U. S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288, 1295 (1936). That statement, however, must be read contextually with what follows, where the Court says: "Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates." *Id.*

Most of the courts which have considered the *Morgan* case do not read it as requiring a deciding officer either to hear the witnesses testify or to read the record. 2 Davis, *Administrative Law Treatise* §§11.02-.04 at 38-57 (1958). Nothing in petitioner's argument convinces us that in this case and on the basis of the arguments advanced we should read *Morgan* differently.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the Superior Court with our decision endorsed thereon.

Mr. Chief Justice Roberts did not participate.

*Berberian & Tanenbaum, Aram K. Berberian,* for petitioner.

*Richard J. Israel,* Attorney General, *George H. Egan,* Special Asst. Attorney General, for respondent.